1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

SOUTHERN DISTRICT OF CALIFORNIA

9

10  HML HOLDINGS, LLC,

Case No.:   21-cv-380-BAS(BLM)

11                                    Plaintiff,

**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER**

12  v.

13  ROMEROS LLC, TAMARA ROMERO, ERIC ROMERO, DENISE ROMERO AND DOES 1-5,

**[ECF No. 24]**

14

15                                    Defendants.

16

17          On August 26, 2021, the parties filed a joint motion requesting that the Court enter the

18  parties' Protective Order.  ECF No. 24.  The Court has considered the Stipulated Protective Order,

19  attached as Exhibit 1, and, for good cause shown, the joint motion is **GRANTED**.

20          **IT IS SO ORDERED**.

21

22  Dated:  8/27/2021

23                                          Hon. Barbara L. Major
                                            United States Magistrate Judge

24
25
26
27
28

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

21-cv-380-BAS(BLM)

1

2

3

4

5

6 **UNITED STATES DISTRICT COURT**

7 **SOUTHERN DISTRICT OF CALIFORNIA**

8

9 HML Holdings, LLC, a California limited )    Case No. 21-cv-380-BAS (BLM)
   liability company, )

10               )    **STIPULATED PROTECTIVE**
         Plaintiff, )    **ORDER**

11               )

       vs. )

12               )

   ROMEROS LLC, a non-existent )

13 California limited liability company; )
   TAMARA ROMERO, an individual; )

14 ERIC ROMERO, an individual, DENISE )
   ROMERO, an individual; and DOES 1 )

15 through 5, )

              )

16        Defendants. )

              )

17               )

              )

18               )

19

20

21

22 **1.**      **PURPOSES AND LIMITATIONS**

23      1.1     Discovery in this action is likely to involve the production of

24 confidential, proprietary, or private information for which special protection from

25 public disclosure and from use for any purpose other than prosecuting this litigation

26 may be warranted. Accordingly, the parties hereby stipulate to and petition this

27 Court to enter the following Stipulated Protective Order. The parties acknowledge

28 that this Order does not confer blanket protections on all disclosures or responses to

1   discovery and that the protection it affords from public disclosure and use extends

2   only to the limited information or items that are entitled to confidential treatment

3   under the applicable legal principles.  The parties further acknowledge, as set forth in

4   Section 12.3, below, that this Stipulated Protective Order does not entitle them to file

5   confidential information under seal; the applicable court rules set forth the

6   procedures that must be followed and the standards that will be applied when a party

7   seeks permission from the Court to file material under seal.

8

9   2      **GOOD CAUSE STATEMENT**

10          2.1     This action is likely to involve the discovery of sensitive financial

11  information for which special protection from public disclosure and the use of that

12  information for any purpose other than the prosecution and defense of this action is

13  warranted.  Such sensitive financial information consists of, for example, bank

14  statements and information about financial transactions that is generally unavailable

15  to the public or that may be privileged or otherwise protected from disclosure under

16  state or federal statutes, court rules, case decisions, or common law.  Accordingly, to

17  expedite the flow of information, to facilitate the prompt resolution of disputes over

18  the confidentiality of discovery materials, to adequate protect information that the

19  parties are entitled to keep confidential, to ensure that the parties are permitted

20  reasonable and necessary uses of such material in preparation for and in the conduct

21  of trial, to address the handling of such material at the end of the litigation, and to

22  serve the ends of justice, a protective order for such information is justified in this

23  matter.  It is the intent of the parties that information will not be designated as

24  confidential for tactical reasons and that nothing be so designated without a good

25  faith belief that it has been maintained in a confidential, non-public manner, and

26  there is good cause why it should not be part of the public record in this case.

27  3      **DEFINITIONS**

28

3.1   Action:  This pending federal lawsuit designated *HML Holdings, LLC, v. Romeros LLC, et al.*, Case Number 21-cv-380-BAS (BLM), United States District Court, Southern District of California.

3.2   Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

3.3   "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4   Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.5   Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.6   Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.7   Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.8   Party:  Any party to this Action, including all of its, his, or her officers, directors, employees, consultants, retained experts, and counsel (and their support staff).

3.9   Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.10   Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.11   Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.12   Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

## 4   SCOPE

4.1   The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversation, or presentations by Parties or their Counsel that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 5   DURATION

5.1   Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6   DESIGNATING PROTECTED MATERIAL

6.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under

4
**STIPULATED PROTECTIVE ORDER**

1   this Order must take care to limit any such designation to specific material that

2   qualifies under the appropriate standards.  The Designating Party must designate for

3   protection only those parts of material, documents, items, or oral or written

4   communications that qualify so that other portions of the material, documents, items,

5   or communications for which protection is not warranted are not swept unjustifiably

6   within the ambit of this Order.  Mass, indiscriminate, or routinized designations are

7   prohibited.  Designations that are shown to be clearly unjustified or that have been

8   made for an improper purpose (e.g., to unnecessarily encumber the case development

9   process or to impose unnecessary expenses and burdens on other parties) may expose

10  the Designating Party to sanctions.  If it comes to a Designating Party's attention that

11  information or items that it designated for protection do not qualify for protection,

12  that Designating Party must promptly notify all other Parties that it is withdrawing

13  the inapplicable designation.

14          6.2     Manner and Timing of Designations.  Except as otherwise provided in

15  this Order (see, e.g., section paragraph of Section 6.2(a) below), or as otherwise

16  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

17  under this Order must be clearly so designated before the material is disclosed or

18  produced.  Designation in conformity with this Order requires:

19          (a)     For information in documentary form (e.g., paper or electronic

20          documents, but excluding transcripts of depositions or other pretrial or trial

21          proceedings), that the Producing Party affix at a minimum, the legend

22          "CONFIDENTIAL" (herein after "CONFIDENTIAL legend"), to each page

23          that contains protected material,  If only a portion or portions of the material

24          on a page qualifies for protection, the Producing Party also must clearly

25          identify the protected portion(s) (e.g., by making appropriate markings in the

26          margins).  A Party or Non-Party that makes original documents available for

27          inspection need not designate them for protection until after the inspection

28          Party has indicated which documents it would like copied and produced.

During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion (s) (e.g., by making appropriate markings in the margins).

(b)     For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, all protected testimony.

(c)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3     Automatic Designation as CONFIDENTIAL. Notwithstanding any failure to designate as CONFIDENTIAL, all tax returns, social security numbers, individual's phone numbers, bank statements including but not limited to bank account numbers, credit card statements including but not limited to credit card numbers, are deemed CONFIDENTIAL.

6.4     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable

**STIPULATED PROTECTIVE ORDER**

1 | efforts to assure that the material is treated in accordance with the provisions of this

2 | Order.

3 |     6.5     Redaction. Nothing herein prohibits a party from redacting any

4 | personal, privileged or confidential information including but not limited to social

5 | security, bank account and credit card numbers.

6 | **7     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7 |     7.1     Timing of Challenges.  Any Party or Non-Party may challenge a

8 | designation of confidentiality at any time that is consistent with the Court's

9 | Scheduling Order.

10 |     7.2     Meet and Confer.  The Challenging Party shall initiate the dispute

11 | resolution process under Local Rule 26.1.

12 |     7.3     Burden of Persuasion.  The burden of persuasion in any such challenge

13 | proceeding shall be on the Designating Party.  Frivolous challenges, and those made

14 | for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens

15 | on other parties) may expose the Challenging Party to sanctions.  Unless the

16 | Designating Party has waived or withdrawn the confidentiality designation, all

17 | parties shall continue to afford the material in question the level of protection to

18 | which it is entitled under the Producing Party's designation until the Court rules on

19 | the challenge.

20 | **8     ACCESS TO AND USE OF PROTECTED MATERIAL**

21 |     8.1     Basic Principles.  A Receiving Party may use Protected Material that is

22 | disclosed or produced by another Party or by a Non-Party in connection with this

23 | Action only for prosecuting, defending, or attempting to settle this Action.  Such

24 | Protected Material may be disclosed only to the categories of persons and under the

25 | conditions described in this Order.  When the Action has been terminated, a

26 | Receiving Party must comply with the provisions of section 14 below ("FINAL

27 | DISPOSITION").  Protected Material must be stored and maintained by a Receiving

28 |

1  Party at a location and in a secure manner that ensures that access is limited to the

2  persons authorized under this Order.

3        8.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

4  otherwise ordered by the court or permitted in writing by the Designating Party. A

5  Receiving Party may disclose any information or item designated

6  "CONFIDENTIAL" only to:

7              (a)    The Receiving Party's counsel, as well as employees of said

8        counsel to whom it is reasonably necessary to disclose the information for this

9        Action;

10             (b)    The officers, directors, and employees of the Receiving Party to

11       whom disclosure is reasonably necessary for this Action;

12             (c)    Experts (as defined in this Order) of the Receiving Party to whom

13       disclosure is reasonably necessary for this Action and who have signed the

14       "Acknowledgement and Agreement to Be Bound" (Exhibit A);

15             (d)    The court and its personnel;

16             (e)    Court reports and their staff;

17             (f)    Professional jury or trial consultants, mock jurors, and

18       Professional Vendors to whom disclosure is reasonably necessary for this

19       Action and who have signed the "Acknowledgement and Agreement to Be

20       Bound" (Exhibit A);

21             (g)    The author or recipient of a document containing the information

22       or a custodian or other person who otherwise possessed or knew the

23       information;

24             (h)    During their depositions, witnesses and attorneys for witnesses, in

25       the Action to whom disclosure is reasonably necessary, provided the deposing

26       party requests that the witness sign the form attached as Exhibit A hereto.

27       Pages of transcribed deposition testimony or exhibits to depositions that reveal

28       Protected Material may be separately bound by the court reporter and may not

1    be disclosed to anyone except as permitted under this Stipulated Protective

2    Order; and

3            (i)    Any mediator or settlement officer, and their supporting

4    personnel, mutually agreed upon by any of the parties engaged in settlement

5    discussions.

6        8.3    Filing Under Seal.  Before any materials produced in discovery, answers

7    to interrogatories, responses to requests for admissions, deposition transcripts, or

8    other documents which are designated as Confidential are filed with the Court for

9    any purpose, the party seeking to file such material must seek permission of the

10   Court to file the material under seal. No document may be filed under seal, i.e.,

11   closed to inspection by the public except pursuant to a Court order that authorizes the

12   sealing of the particular document, or portions of it. A sealing order may issue only

13   upon a showing that the information is privileged or protectable under the law. The

14   request must be narrowly tailored to seek sealing only of the confidential or

15   privileged material. To file a document under seal, the parties must comply with the

16   procedures explained in Section 2.j of the Electronic Case Filing Administrative

17   Policies and Procedures Manual for the United States District Court for the Southern

18   District of California and Civil Local Rule 79.2. In addition, in accordance with

19   Judge Major's preferences, a party must file a 'public' version of any document that

20   it seeks to file under seal. In the public version, the party may redact only that

21   information that is deemed 'Confidential.' The party should file the redacted

22   document(s) simultaneously with a joint motion or ex parte application requesting

23   that the confidential portions of the document(s) be filed under seal and setting forth

24   good cause for the request."

25   9    **PROTECTED MATERIAL SUBPOENAED OR ORDERED**

26       **PRODUCED IN OTHER LITIGATION**

27

28

9.1     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designed in this Action as "CONFIDENTIAL," that party must:

(a)     Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

9.2     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or ordered issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10     **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

10
**STIPULATED PROTECTIVE ORDER**

subject to an agreement with the Non-Party not to produce the Non-Party's

confidential information, then the Party shall:

(a)     Promptly notify in writing the Requesting Party and the Non-

Party that some or all of the information requested is subject to a

confidentiality agreement with a Non-Party;

(b)     Promptly provide the Non-Party with a copy of the Stipulated

Protective Order in this Action, the relevant discovery request(s), and a

reasonably specific description of the information requested; and

(c)     Make the information requested available for inspection by the

Non-Party, if requested.

10.3   If the Non-Party fails to seek a protective order from this court within

14 days of receiving the notice and accompanying information, the Receiving Party

may produce the Non-Party's confidential information responsive to the discovery

request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

not produce any information in its possession or control that is subject to the

confidentiality agreement with the Non-Party before a determination by the court.

Absent a court order to the contrary, the Non-Party shall bear the burden and expense

of seeking protection in this court of its Protected Material.

11      **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

11.1   If a Receiving Party learns that, by inadvertence or otherwise, it has

disclosed Protected Material to any person or in any circumstance not authorized

under this Stipulated Protective Order, the Receiving Party must immediately

(1) notify the Designating Party in writing of the unauthorized disclosures; (2) use its

best efforts to retrieve all unauthorized copies of the Protected Material; (3) inform

the person or persons to whom unauthorized disclosures were made of all the terms

of this Order; and (4) request such person or persons to execute the

"Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit

A.

12    **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

    12.1  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rules of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

13    **MISCELLANEOUS**

    13.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    13.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order including but not limited to relevance, privacy, privilege, burden or any other objection.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    13.3  <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must obtain a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record, unless otherwise instructed by the court.

1      13.4   Modification of the Protective Order by the Court.  The Court may

2 modify the terms and conditions of the Order for good cause, or in the interest of

3 justice, or on its own order at any time during these proceedings.

4 **14   FINAL DISPOSITION**

5      14.1   After the final disposition of this Action, as defined in paragraph 5,

6 within 60 days of a written request by the Designating Party, each Receiving Party

7 must return all Protected Material to the Producing Party or destroy such material.

8 As used in this subsection, "all Protected Material" includes all copies, abstracts,

9 compilations, summaries, and any other format reproducing or capturing any of the

10 Protected Material.  Whether the Protected Material is returned or destroyed, the

11 Receiving Party must submit a written certification to the Producing Party (and, if

12 not the same person or entity, to the Designating Party) by the 60-day deadline that

13 (1) identifies (by category, where appropriate) all the Protected Material that was

14 returned or destroyed and (2) affirms that the Receiving Party has not retained any

15 copies, abstracts, compilations, summaries, or any other format reproducing or

16 capturing any of the Protected Material.  Notwithstanding this provision, Counsel are

17 entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

18 and hearing transcripts, legal memoranda, correspondence, deposition and trial

19 exhibits, expert reports, attorney work product, and consultant and expert work

20 product, even if such materials contain Protected Material.  Any such archival copies

21 that contain or constitute Protected Material remain subject to this Protective Order

22 as set forth in Section 5 (DURATION).

23 **15   VIOLATIONS OF ORDER**

24      15.1   Any violation of this Order may be punished by any and all appropriate

25 measures including, without limitation, contempt proceedings and/or monetary

26 sanctions.

27

28

**STIPULATED PROTECTIVE ORDER**

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3
     Dated: August 26, 2021            By: */s/ Credence E. Sol*
4                                              Credence E. Sol
5                                           Attorneys for Plaintiff
                                            HML HOLDINGS, LLC
6

7

8
     Dated: August 26, 2021            **NASSIE | ROWLETT LAW**
9

10

11                                     By: */s/ Catherine Rowlett*
                                              Catherine Rowlett
12                                     Attorneys for Defendants TAMARA
                                       ROMERO and ERIC ROMERO, and
13                                     Specially Appearing Defendant DENISE
                                              ROMERO
14
     FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.
15

16

17   Dated: August __, 2021           By: _____
                                              [Name of Judge]
18                                     United States District/Magistrate Judge

19

20

21

22

23

24

25

26

27

28

**STIPULATED PROTECTIVE ORDER**

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California on _____ [date] in the case of *HML Holdings, LLC, v. Romeros LLC, et al.*, Case Number 21-cv-380-BAS (BLM), United States District Court, Southern District of California.  I agree to comply with and be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this action.  I hereby appoint _____ [print or type full name], of _____ [print or type full address and telephone number], as my California agent for service of process in connection with this action or any proceedings related to the enforcement of this Stipulated Protective Order.

Date: _____        Signature: _____

**STIPULATED PROTECTIVE ORDER**

1

## <u>SIGNATURE CERTIFICATION</u>

2          Pursuant to the Electronic Case Filing Administrative Policies and Procedures

3  Manual for the United States District Court for the Southern District of California,

4  Section 2.f.4, I hereby certify that the content of this e-filed document is acceptable

5  to all persons required to sign the document and that I have obtained authorization

6  for the electronic signatures of all parties on the document.

7

8
Dated: August 26, 2021                    By: */s/ Credence E. Sol*

9                                                       Credence E. Sol

10                                                    Attorneys for Plaintiff
                                                        HML HOLDINGS, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
**SIGNATURE CERTIFICATION**