UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HML HOLDINGS, LLC,<br><br>                    Plaintiff,<br><br>       v.<br><br>TAMARA ROMERO, *et al.*,<br><br>                    Defendants. | Case No. 21-cv-00380-BAS-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO STAY ACTION PENDING RESOLUTION OF BANKRUPTCY PROCEEDINGS (ECF No. 27); AND**<br><br>**(2) TERMINATING DEFENDANT DENISE ROMERO'S MOTION TO DISMISS (ECF No. 3)** |

Before the Court is Defendant Denise Romero's application to stay the entire proceeding in light of Defendants Tamara Romero and Eric Romero's Chapter 7 bankruptcy petition (ECF No. 26). (App., ECF No. 27.) The Court finds this application suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **STAYS** this action in its entirety.

## I. BACKGROUND

Plaintiff HML Holdings, LLC, alleges that Defendants Tamara Romero and Eric Romero ("Debtor Defendants") fraudulently induced it into entering into a promissory note, under the terms of which it loaned Debtor Defendants $190,000 to be repaid over the course of 36 months ("Promissory Note"). (Compl. ¶¶ 14–17, ECF No. 1.) In exchange, Plaintiff alleges that Debtor Defendants executed a security agreement pursuant to which Plaintiff "gained a secured interest against all the assets of [Debtor Defendants]" ("Security Agreement"). (*Id.* ¶ 16.) According to Plaintiff, Debtor Defendants defaulted on the Promissory Note; sold their home in California, along with other assets; and, instead of using the proceeds to repay Plaintiff, absconded with the funds to Colorado where they purchased a new primary residence ("Colorado Residence"). (*Id.* ¶¶ 14–17.) Plaintiff avers that it has a right to the Colorado Residence under the Security Agreement; however, Debtor Defendants allegedly placed title of the Colorado Residence in the name of their mother, Defendant Denise Romero—who is a nonparty to both the Promissory Note and Security Agreement—in order to render themselves collection proof.

The Complaint lodges causes of action for breach of contract and fraud against Debtor Defendants and a claim under California Civil Code § 3439.04 against all Defendants. With respect to the Section 3439.04 claim, Plaintiff seeks to void the transfer of the title of the Colorado Residence from Debtor Defendants to Defendant Denise Romero such that the Colorado Residence remains subject to the Security Agreement.

On April 13, 2021, Defendant Denise Romero moved to dismiss the claim against her pursuant to Fed. R. Civ. P. 12(b)(1) and (2) (ECF No. 3); Debtor Defendants answered the Complaint on April 19, 2021 (ECF Nos. 4, 5). Debtor Defendants filed a Notification of Bankruptcy on September 21, 2021, informing the parties and this Court that they had petitioned for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Colorado on September 20, 2021. (ECF No. 26.) Shortly thereafter, Defendant Denise Romero filed a document styled as a Reply in support of her Motion to Dismiss, in which

she, *inter alia*, seeks a stay of the proceedings in their entirety, pending resolution of Debtor Defendants' bankruptcy petition. (ECF No. 27.)

## II.   ANALYSIS

Pursuant to 11 U.S.C. § 362(a), the filing of a bankruptcy petition automatically stays a judicial action against the debtor. *See Gruntz v. Cnty. of Los Angeles*, 202 F.3d 1074, 1081–82 (9th Cir. 2000) (en banc). "The automatic stay is self-executing" and "sweeps broadly, enjoining the commencement or continuation of any judicial, administrative, or other proceedings against the debtor." *Id.* However, "[a]s a general rule, 'the automatic stay of [Section 362(a)] protects only the debtor,'" not non-debtor co-defendants. *In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) (quoting *In re Advanced Ribbons & Off. Prods.*, 125 B.R. 259, 263 (9th Cir. BAP 1991)); *Ingersoll–Rand Fin. Corp. v. Miller Mining Co. Inc.*, 817 F.2d 1424, 1427 (9th Cir. 1987) ("In the absence of special circumstances, stays pursuant to [S]ection 362(a) are limited to debtors and do not include non-bankrupt co-defendants."); *Parker v. Bain*, 68 F.3d 1131, 1137 (9th Cir. 1995) ("All proceedings in a single case are not lumped together for purposes of automatic stay analysis …. Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, cross-claims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay.").

The Ninth Circuit recognizes that other circuit courts "have carved out" a "limited exception to this rule," including in instances where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 (9th Cir. 1993) (citing *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). Some courts also recognize "an exception where the debtor is an indispensable party to the litigation." *In re James Wilson Assocs.*, 965 F.2d 160, 170 (7th Cir. 1992). The Ninth

Circuit has neither repudiated nor adopted these limited exceptions to the general proscription against extending Section 362(a) stays to non-debtors.[1]

Nevertheless, the Ninth Circuit has instructed that "[e]ven if [one of these unusual circumstances applies], the bankruptcy court"—not the district court—"would first need to extend the automatic stay under its equity jurisdiction[.]" *Boucher v. Shaw*, 572 F.3d 1087, 1093 n.3 (9th Cir. 2009); *see also Zurich Am. Ins. Co. v. Trans. Cal Assocs.*, 10-CV-01957-WBS-KJN, 2011 WL 6329959, at *2 (E.D. Cal. Dec. 16, 2011) ("[T]he weight of authority holds that it is the bankruptcy court that must extend the automatic stay, not this court" (citing *Placido v. Prudential Ins. Co. of Am.*, No. C 09-006678, 2010 WL 334744, at *1 (N.D. Cal. Jan. 22, 2010))); *J & J Sports Prods., Inc. v. Brar*, 2:09-CV-3394-GEB-EFB, 2012 WL 4755037, at *1 (E.D. Cal. Oct. 3, 2012). Considering this authority, the Court will not stay the entire action by extending the automatic stay pursuant to 11 U.S.C. § 362(a).

However, "even if the automatic stay does not extend to all … co-defendants, the Court has inherent authority to stay this litigation in its entirety." *Beardsley v. All Am. Heating, Inc.*, No. C05-1962P, 2007 WL 1521225, at *2 (W.D. Wash. May 22, 2007); *J & J Sports Prods., Inc.*, 2012 WL 4755037, at *2 (same); *Zurich Am. Ins. Co.*, 2011 WL 6329959, at *2 (same). Indeed, "[w]hether the entire action should be stayed under the Court's inherent authority pending the conclusion of the bankruptcy proceedings is a separate issue" from whether it should be stayed as an extension of the automatic stay pursuant to Section 362. *Rosen v. Urban Commons, LLC*, CV 20-01973-JLS (DFMx), 2021 WL 3264146, at *3 (C.D. Cal. July 23, 2021).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself,

---

[1] The Court observes that in the absence of guidance from the Ninth Circuit on the issue, some trial courts have relied upon the limited exceptions recognized by other circuit courts to extend Section 362(a) stays to non-debtors. *See, e.g.*, *Moeller v. Aliera Cos., Inc.*, CV-20-22-H-SHE, 2021 WL 4197620, at *2 (D. Mont. Sept. 15, 2021) (issuing stay because liability of debtor and non-debtor defendants was entwined).

for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Calif.*, 593 F.2d 857, 863 (9th Cir. 1979). A stay is appropriate when "a later trial of claims against [another defendant] could involve the relitigation of most if not all of the issues litigated in the first proceeding." *Wordtech Sys., Inc. v. Integrated Network Sols., Inc.*, 2:04-CV-01971-MCE-EFB, 2012 WL 6049592, at *4 (E.D. Cal. Dec. 5, 2012) (quoting *J & J Sports Prods., Inc.*, 2012 WL 4755037, at *2); *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1452 (9th Cir. 1990) ("There are significant advantages in having all the parties … assert their claims in one forum, not only to avoid inconsistent factual findings, but also to spare the litigants the additional costs of duplicate lawsuits.")

The circumstances in this case are paradigmatic of those in which courts have exercised their inherent authority by declining to proceed with an action on a piecemeal basis. *See, e.g.*, *J&J Sports Prods.*, 2012 WL 4755037, a *2 (staying case pursuant to court's inherent authority on ground that liability of non-debtor and debtor co-defendants was entwined); *Zurich Am. Ins. Co.*, 2011 WL 6329959, at *4 (same).

Specifically, this Court finds that the claims against Defendant Denise Romero and Debtor Defendants are so intertwined that it would neither be efficient nor fair to the parties to proceed. As mentioned above, the Complaint lodges a single claim against Defendant Denise Romero pursuant to Cal. Civ. Code § 3439.04. Under Section 3439.04, a creditor seeking to void an assertedly fraudulent transaction commenced by its debtor to avoid debt collection must show, *inter alia*, that "the debtor made the transfer … [w]ith actual intent to hinder, delay or defraud any creditor[.]" *Id.* § 3439.04(a)(1). Consequently, Plaintiff's claim against Defendant Denise Romero subsumes its cause of action for fraud against Debtor Defendants. Put differently, Defendant Denise Romero's liability in this action is predicated entirely upon the merits of Plaintiff's cause of action for fraud against the Debtor Defendants, which has been automatically stayed by their bankruptcy petition.

Thus, a later trial of claims against Debtor Defendants would require relitigation of most, if not all the issues litigated in the first proceeding, wasting judicial resources and, moreover, inviting inconsistent determinations and judgments across the actions. The Court finds that it would be particularly inefficient and unfair to proceed only with the Section 3439.04(a)(1) claim against Defendant Denise Romero given the Complaint does not even allege that she took part in Debtor Defendants' asserted scheme to defraud Plaintiff. The Court concludes that the better course is to stay this action in its entirety pending resolution of Debtor Defendants' bankruptcy petition.

### III. CONCLUSION

Accordingly, for the reasons set forth above:

1. The Court **STAYS** this action as to all parties and all claims.
2. The Court **TERMINATES** Defendant Denise Romero's motion to dismiss (ECF No. 3). The Court will reinstate that motion once the stay is lifted.
3. The Court **ORDERS** Debtor Defendants to file a notice in this matter **every six (6) months** informing the Court of the status of this case.

**IT IS SO ORDERED.**

DATED: October 11, 2021

Hon. Cynthia Bashant
United States District Judge